# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 1:12-cv-01850-AWI-SMS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF PAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| TERESA ORELLANA, individually and doing business as RESTAURANT SANTA FE, | |
| | (Doc. 13) |
| Defendant. | |

Plaintiff J & J Sports Productions, Inc., moves for Entry of Default Judgment against Defendant Teresa Orellana, individually and doing business as Restaurant Santa Fe. This Court has reviewed Plaintiff's motion and supporting documents and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having reviewed all written materials submitted and applicable law, the Court recommends that Plaintiff's motion be granted but that damages be set at an amount lower than the amount that Plaintiff requests.

## I.   Legal and Factual Background

On November 9, 2012, Plaintiff filed its complaint against Defendant, alleging violations of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.*, as well as claims under California state law. The allegations are based on Defendant's alleged unlawful interception, receiving, and exhibiting of "*Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight Program*

1

*Championship Fight Program*" (the "program"), which was telecast on November 12, 2011. Plaintiff was the exclusive commercial distributor of the program.

Restaurant Santa Fe is a Mexican restaurant in the rural unincorporated community of Pixley in Tulare County. It has an estimated capacity of 80 to 100 patrons. On the evening of the broadcast, more than 75 people were present. The restaurant had two televisions, both of which were playing the fight. One was 19 inches, and the other was a 24-inch flatscreen.

The first cause of action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendant knowingly intercepted, received, and exhibited the program for purposes of direct or indirect commercial advantage or private financial gain. Section 605 provides that a plaintiff may recover its actual damages or statutory damages not less than $1,000.00 nor more than $10,000.00, and if the violation was willful and for purposes of direct or indirect commercial advantage or private financial gain, the damages may be enhanced by an amount not more than $100,000.00 for each violation. 47 U.S.C. § 605 (e)(3)(C).

The second cause of action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations. It provides that the plaintiff may recover its actual damages and any profits resulting from the defendant's violation, or statutory damages "in a sum not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553 (c)(3)(A)(i). If the violation was committed willfully and for purposes of commercial advantage or personal financial gain, the court may increase damages by an amount of no more than $50,000.00. 47 U.S.C. § 553 (c)(3)(B).

The third cause of action for conversion alleges that Defendant tortiously obtained possession of the program and wrongfully converted it for her own benefit. Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress. The fourth count alleges a violation of Cal. Bus. & Prof. Code § 17200, *et seq*., for which Plaintiff seeks restitution, declaratory and injunctive relief, as well as costs and attorneys' fees.

In its motion, Plaintiff requests relief on only two of the four causes of action. Plaintiff requests $110,000, representing the $10,000 maximum for statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and the $100,000 maximum enhancement for a willful violation under (C)(ii).

Plaintiff also requests $2,200.00, the licensing fee for the program for establishments the size of Restaurant Santa Fe, as damages for conversion.

## II.   **Default Judgment**

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which states, in pertinent part:

> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> 　　　(A) conduct an accounting;
> 　　　(B) determine the amount of damages;
> 　　　(C) establish the truth of any allegation by evidence; or
> 　　　(D) investigate any other matter.

"[U]pon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

Pursuant to the proof of service filed with the court on March 13, 2013, Defendant was served on January 12, 2013. On April 22, 2013, the Clerk entered default against Defendant. Defendant Teresa Orellana is not an infant or incompetent person, nor is she in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Defendant has not appeared at any point in this action. Accordingly, this Court recommends granting Plaintiff's motion for default judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

3

### III.   **Damages**

Because the Court must accept the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605 and 47 U.S.C. § 553 as well as the common law tort of conversion. The Court's principal task is to determine just damages.

####   A.   **Conversion**

Under California law, the elements of conversion are (1) ownership or right to possession of the property; (2) wrongful disposition of that property right; and (3) monetary damages. *Krueger v. Bank of America*, 145 Cal.App.3d 204, 215 (1983). Because the license fee for an establishment the size of Restaurant Santa Fe would have been $2,200.00, Plaintiff is entitled to $2,200.00 in compensatory damages for the tort of conversion.

####   B.   **Communications Act Violation**

Based on the pleadings, Defendants are liable for violating 47 U.S.C. §§ 605 and 553, both of which prohibit the unauthorized interception and reception of cable television programming. Plaintiff only requests relief for the violation of § 605. Statutory damages under § 605 range from $1,000 to no more than $10,000. 47 U.S.C. § 605 (e)(3)(C). The Court determines the statutory damages award according to what it "considers just." *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1198 (N.D. Cal. 2000).

The Court also has the discretion to increase the damages award by up to $100,000 if the violation was willful and committed for purposes of direct or indirect commercial advantage or gain. 47 U.S.C. § 605 (e)(3)(C)(ii). "[T]he mere assertion that the defendant acted willfully is insufficient to justify enhanced damages." *Backman*, 102 F.Supp.2d at 1198. To establish "significant commercial advantage or private financial gain," a plaintiff must allege something more than the mere airing of a program, such as engaging in promotional advertising, imposing a cover charge, or charging a premium for food or drinks. *Id.* The size of the audience, the establishment, or both is also relevant to the measure of enhanced damages, as is whether the customers are present primarily to watch the broadcast or have come for another purpose while the program is being aired. *Id.* Awards should be proportional to the violation. *Id.* Higher statutory awards are indicated for repeat offenders. *Id.* at 1198-99.

4

Plaintiff contends that he is entitled to enhanced damages even though he alleges nothing more than that Defendants aired the program. Although Restaurant Santa Fe was almost full (or three-quarters full assuming a 100 person capacity), Defendant did not impose a cover charge. Plaintiff does not contend that food or drink prices were increased. Defendant did not advertise the program. Plaintiff does not allege that any patrons were present primarily to watch the program rather than to patronize the restaurant.

As the Court observed in *Joe Hand Promotions, Inc. v. Streshly*: "[Defendant] may be the Blackbeard of pirates, but Plaintiff makes no attempt to portray it as such, and to the contrary, the act of piracy attributed to [Defendant] is as routine as they come . . . . ." 655 F.Supp.2d 1136, 1139 (S.D. Cal. 2009). The court refused to enter default judgment, finding that the plaintiff overreached by seeking damages of $100,875. *Id.* Here, Plaintiff seeks $112,200.

Awarding the statutory maximum is inappropriate "in the absence of unusual or particularly egregious circumstances under which a defendant broadcast the fight." *Don King Productions/Kingvision v. Maldonado*, 1998 WL 879683 (N.D. Cal. December 11, 1998)(No. C-97-3530 WHO MED), *citing Joe Hand Promotions v. Burg's Lounge*, 955 F.Supp. 42, 44 (E.D. Pa. 1997). Nothing in the record suggests that Defendant experienced any significant "commercial advantage or private financial gain" as a result of airing the program. There was no cover charge. Defendant did not promote the showing, and did not charge premium  prices for food and drinks during the program. Although the headcount was near the restaurant's capacity, there is no evidence that showing the program produced minimal financial gain, if any. In light of these facts, imposing the maximum statutory damages and enhancement would be inappropriate.

This Court recommends that the district court award only basic statutory damages for Defendant's violation of 47 U.S.C. § 605. Statutory damages awarded to first-time offenders in establishments of similar size have varied widely.[1] Plaintiff's memorandum of points and authorities

---

[1] Higher damage awards are appropriate when a defendant has previously pirated broadcasts. *See Joe Hand Promotions, Inc. v. Dang*, 2011 WL 6294289 at *2 (N.D. Cal. December 14, 2011)(No. 5:11-cv-0508 EJD) (awarding $7,000.00 in statutory damages plus $1,000.00 enhanced damages since the defendant was a repeat offender); *Joe Hand Promotions, Inc. v. Sorondo*, 2011 WL 4048786 (E.D. Cal. September 9, 2011) (No. 1:11-cv-00631-LJO-SKO); *G & G Closed Circuit Events, LLC v. Saldeldin*, 2010 WL 3036455 (E.D. Cal. August 2, 2010) (No. 1:10-cv-00062-AWI-SKI) (recommending $10,000 statutory damages, $30,000 enhancement, and $800 for conversion), and

5

presents multiple cases in which courts have awarded enhanced damages. In other cases, courts found that no factors justified an award of enhanced damages and awarded statutory damages in amounts far less than the maximum permitted under the statute. *See, e.g., J & J Sports Productions, Inc. v. Curtis*, 2012 WL 1108829 at *7 (E.D. Cal. April 2, 2012) (No. 2:10-cv-1053-JAM) (awarding statutory damages of $10,000.00); *J & J Sports Productions, Inc. v. Figueroa*, 2012 WL 996531 at *4 (E.D. Cal. March 23, 2012) (No. 1:11-cv-00678-AWI-JLT) (adopting recommendation of $4,000.00 statutory damages); *J & J Sports Productions, Inc. v. Morales*, 2012 WL 761670 at *3 (E.D. Cal. March 8, 2012) (No. 1:10-cv-01694-AWI-GSA) (awarding statutory damages of $4,400.00); *Joe Hand Productions, Inc. v. Phillips*, 2012 WL 688799 at *2 (N.D. Cal. March 2, 2012) (No. C 11-3837 SI) (noting that mere allegation of willfulness does not merit enhanced damages and awarding $5,000.00); *Joe Hand Productions, Inc. v. Mannor*, 2012 WL 113792 at *7 (E.D. Cal. January 13, 2012) (No. 2:11-cv-01426 WBS) (awarding $10,000.00 and noting no evidence of justifying enhanced damages); *Joe Hand Promotions, Inc. v. Nguyen*, 2011 WL 4551454 at *2-3 (N.D. Cal. September 30, 2011) (No. 5:10-cv-05856 EJD) (finding no basis for enhanced damages and awarding statutory damages of $5,000.00); *Joe Hand Promotions, Inc. v. Juarez*, 2011 WL 4590918 at *2 (N.D. Cal. September 30, 2011) (No. 5:10-cv-05580 EJD) (awarding minimum statutory damages of $250.00 where only three patrons were present in a restaurant with a capacity of 80 people); *Joe Hand Promotions, Inc. v. Nguyen*, 2011 WL 704441 at *3 (N.D. Cal. February 21, 2011) (No. 10-cv-02563-LHK) (awarding $2,000.00 in statutory damages); *J & J Sports Productions, Inc. v. Ro*, 2010 WL 668065 (N.D. Cal. February 19, 2010) (No. C 09-02860 WHA) (ordering $250 in statutory damages); *J & J Sports Productions, Inc. v. Miranda*, 2009 WL 3837273 (N.D. Cal. November 16, 2009) (No. C 09-1037 SI) (awarding $1,000 statutory damages); *J & J Sports Productions, Inc. v. Hernandez*, 2010 WL 1980186 (E.D. Cal. May 17, 2010), *report and recommendation adopted*, 2010 WL 2650526 (E.D. Cal. July 1, 2010) (No. 2:09-cv-3389 GEB KJN) (entering judgment for $10,000 in statutory damages); *J & J Sports Productions, Inc. v. Man Thi*

*Kingvision Pay-Per-View v. Guzman*, 2009 WL 1475722 (N.D. Cal. May 27, 2009) (No. C 09-00217 CRB) (awarding $6,000 plus $2,000 enhancement ($8,000 total)) for second offense by a San Francisco bar of unspecified size).

*Doan*, 2008 WL 4911223 (N.D. Cal. November 13, 2008) (No. C-08-00324 RMW) (awarding $2,500 statutory damages). *See also J & J Sports Productions, Inc. v. Gamino*, 2012 WL 913743 at *5 (E.D. Cal. March 16, 2012) (No. 1:11-cv-1056-AWI-BAM) (recommending statutory damages of $1,000.00)*; Joe Hand Promotions, Inc. v. Williams*, 2011 WL 6012483 at *3 (E.D. Cal. December 1, 2011) (No. 1:11-cv-00498-AWI-SMS) (recommending $2,200 in statutory damages with no enhancement); *Joe Hand Promotions, Inc. v. Olivera*, 2010 WL 2902344 (E.D. Cal. July 22, 2010) (No. CIVS-09-2501 FCD DAD) (recommending $7,500 in statutory damages for unlicensed showing of bout in the plaintiff's two Stockton establishments, each with one television, serving forty and ten customers respectively, despite the plaintiff's request for $110,000, in the absence of cover charge, food or drink premium, promotion of event); *Joe Hand Promotions, Inc. v. Pollard*, 2010 WL 2902343 (E.D. Cal. July 22, 2010) (No. CIVS-09-03155 MCE DAD) (recommending damages of $5,000 for first-time offender who neither advertised nor imposed a cover charge or increased food or drink prices, where 47 patrons were inside his lounge during screening of ultimate fighting bout on four 27-inch televisions, despite the plaintiff's request for $110,000 in statutory damages and enhancement).

In some cases, courts have calculated damages by multiplying a reasonable cover charge by the actual number of patrons. *Backman*, 102 F.Supp.2d 1196 (16 patrons x $15 per seat plus $300 for possible future losses = $540). The amount that the licensing fee would have been had the establishment secured a license to show the program legally is another relevant consideration. *See Kingvision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (fact that licensing fee would have been $3,000 to $6,000 "furnished the district court with a basis from which it might conclude that $80,400 was far too high"). *See also J & J Sports Productions, Inc. v. Canedo*, 2009 WL 4572740 (N.D. Cal. December 1, 2009) (No. C 09-01488 PJH) (recommending that the plaintiff's damages be limited to its actual damages: the unpaid license fee).

As previously mentioned, the judge in *Streshly* was sufficiently angered by what he termed "cookie-cutter pleadings that trivialize the particular facts of this case and ignore the voluminous case law that reveals its requested judgment to be so wildly out of the question" that the court dismissed the Plaintiff's motion and directed the Plaintiff to resubmit within one week a motion

requesting reasonable damages, compliant with current case law, or have its case dismissed with prejudice. 655 F.Supp.2d at 1138. Although Plaintiff in this case, represented by the same attorney as the Plaintiff in *Streshly*, has requested a manifestly excessive award in light of applicable law and facts, this Court declines to recommend that Plaintiff be provided another opportunity to justify its request for maximum statutory damages and the maximum statutory enhancement. In light of the size of both the establishment and the audience that viewed the program, this Court recommends that statutory damages be set at $5,300.00. Combined with the $2,200.00 conversion award, the total damages of $7,500.00 represents more than three times Plaintiff's actual damages, equals a per capita charge of $100.00, and constitutes a severe fine for a restaurant such as Restaurant Santa Fe.

## IV.   Recommendation

The Court **RECOMMENDS** that judgment be entered in this action against Defendants, and that the total amount of damages be fixed at a total amount of $7,500.00, allocated $5,300.00 for violation of 47 U.S.C. § 605 and $2,200.00 for actual damages associated with the tort of conversion.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 29, 2013**                     **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28